Richardson, Ch. J.,
delivered the opinion of the court:
The claimant brings this action to recover the salary of minister resident and consul-general of the United States to Hayti while, as he alleges, he held that office. The defendants deny *51 that he ever was the incumbent of the office so as to be entitled to the emoluments thereof.
The facts are that on the 2d day of March, 1885, the claimant was nominated by the President to that office, and the Senate gave its advice and consent thereto on the same day.
On the next day the President signed his commission, and it was thereupon given to him by the President’s private secretary to be taken to the Secretary of State. The Secretary being-absent from the Department, the claimant found his private secretary, and went with him to the residence of the Secretary, where the commission was countersigned by the latter officer. The private secretary then took charge of the commission, had it with him at the Department the following day, March 4, when the seal was affixed and the claimant took the oath of office, the commission being- retained to await compliance on the part of the claimant with the following provision of Devised Statutes, section 1C97:
“Every consul-general, consul, and commercial agent, before he receives his commission or enters upon the duties of his office, shall give a bond to the United States, with such sureties, who shall be permanent residents of the United States, as the Secretary of State shall approve.” * * *
The claimant never gave a bond, and so did not receive his commission nor enter upon the duties of his office. On his part reliance is placed on the decision of the Supreme Court in Marbury v. Madison (1 Cranch, 137). In that case the question was whether the plaintiff was entitled to the office and commission, and not whether he was actually in office and entitled to its' emoluments. The court held that when he had been nominated and the Senate had consented to the appointment and his commission had been signed by the President and sent to the Secretary of State, his appointment was complete so far as the Executive was concerned, and that he was entitled to the office with or without a commission. But it did not go so far as to hold that such an appointee is actually invested with the office before he performs the conditions x>recedent which are by law required of him. He must take the oath of office, which may be done after the commission is delivered, and, as to the office now under consideration, the appointee must give a bond before he can receive his commission or enter upon the duties of his office.
*52 Until the bond is given or tendered it can not be known that t he appointee ever will accept the office, and the office can not be forced upon him without his consent.
The question does notarise here whether such an officer under some circumstances, and to some extent, might not be held to have been in office and entitled to its salary from the date of his commission or from the date of his takingthe oath, if within a reasonable or proper time his bond should be tendered, because the claimant never tendered a bond at any time.
The Executive was not bound to give the claimant hisinstruc-tions nor order him to his post of duty until the latter had fully manifested his acceptance of the office and his ability to comply with the condition precedent to the right by the giving of a bond with sureties.
The fact that the claimant defaced the blank bond first given to him, and more than fifty days thereafter wrote to the Secretary of State asking for another blank, and saying that he was “ anxious to comply with the letter as well as the spirit of the law,” is wholly immaterial. Excuses for non compliance with the law, however reasonable, could not relieve him from the obligations imposed by its requirements.
After waiting more than forty days the Secretary of State asked the advice of the Attorney-General as to the claimant’s-right to the salary of the office and received the following opinion:
“ Department oe Justice,
“ Washington, April 22,1885.
“ Sir: Your communication of the 20th April instant asks-my opinion upon this case: Mr. G-eorge W. Williams was appointed by President Arthur miuister resident and consul-general to Hayti,. with the advice and consent of the Senate.
“On the 4th of March, 1.885, Mr. Williams took the oath of office at the Department of State, and was there furnished with a blank form of the official bond which consuls general are-required by law to execute.
“ Mr. Williams has not executed any bond, and the President has determined not to deliver his commission to him.
“ The question submitted is whether Mr. Williams is eutitled to any pay.
“ I am of opinion that he is not entitled to pay as an incumbent of the office mentioned.
“ The commission of Mr. Williams has been held by the Secretary of State in escrow, and its delivery depended upon the-condition prescribed by section 1097 of the Eevised Statutes,, which provides that ‘ every consul-general, consul, and com *53 mercial agent, before he receives his commission or enters upon the duties of his office, shall give a bond to the United States ivith ..sureties.’ * * *
“It will be observed that Congress manifests a plain intention that no right of any kind shall accrue from appointment to the offices named until the bond shall have been given, so that if Mr. Williams had been permitted to enter upon the duties of the office in question he could not have received compensation for his services. This exceptional stringency was no doubt •employed for the better protection of the public interests in foreign countries.
“ As Mr. Williams has not given the required bond, it follows that he has never become entitled even to demand his commission, let alone to enter upon the duties of the office; from which it follows, necessarily, that he can not claim any of it s emoluments.
“I have the honor to be, sir, your obedient servant,
“A. IT. Gakland, u Attorney- General.”
“The Secretary op State.”
On the 7th of May, 1885, the office was filled by the appointment of another person, not in place of the claimant, but in place of John M. Langston, the former incumbent.
In our opinion theclaimant was never fully invested with the officer of minister resident and consul-general to Hayti. To use a familiar expression, he failed to “qualify” for the office, (Abbott’s Law Dictionary, vol. 2, “ Qualify”), and is, therefore, not entitled to the salary.
The petition must be dismissed.
Davis, J., did not sit in this case, and took no part in the decision.